

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

December 11, 1973

The Honorable Philip G. Hoffman  
President  
University of Houston  
Houston, Texas 77004

Opinion No. H- 180

Re: Funds available to purchase group insurance under House Bill 139, Article V, § 10, 63rd Legislature

Dear President Hoffman:

You have asked our opinion concerning the extent to which the University of Houston may expend funds appropriated in Item 2 of its appropriation or any other item for payment of group insurance premiums, authorized by § 10 of Article V of the current Appropriations Act, "on behalf of those employees of various auxiliary enterprises of the University of Houston who are being paid from auxiliary enterprise funds and who are covered by a University group policy or policies"?

Your second question, conditioned upon a negative answer to the first, asks the effect this would have upon an employee whose salary is paid partially from appropriated funds and partially from funds of the auxiliary enterprise.

You note that the enterprises about which you inquire are such as the operation of the University Center (student union), the residence dormitories, the educational television station, and various research grant programs. You state that employees working in these enterprises customarily are paid in whole or in part with funds generated from the operation of the enterprise.

The Constitution of Texas requires, as a prerequisite to the appropriation of any funds, the existence of pre-existing law. Article 3, § 44. The pre-existing law authorizing a state agency to purchase group insurance for the benefit of its employees is Article 3.51 of the Insurance Code, as amended in 1967 and 1969. It provides, in part:

"Sec. 1.  (a)  The State of Texas and each of its
political, governmental and administrative subdivisions
. . . and the governing boards and authorities of each
state university. . . are authorized to procure contracts
with any insurance company authorized to do business in
this state insuring their respective employees. . . or
any class or classes thereof under a policy or policies
of group health, accident, accidental death and dismem-
berment, disability income replacement and hospital,
surgical and/or medical expense insurance or a group
contract providing for annuities. . . .  The premium
for the policy or contract may be paid in whole or in
part from funds contributed by the employer or in whole
or in part from funds contributed by the insured employees
. . . .

"The term employees as used herein in addition to
its usual meaning shall include elective and appointive
officials of the state. "

The Appropriations Act for fiscal 1974 and 1975 (House Bill 139, 63rd
Leg.), provides as part of § 10 of Article V (p. V-38):

"State departments and agencies covered by this
Act (Articles I through VI) shall utilize funds other than
those for personal services, from any item which includes
operating expenses, and shall use these funds to pay em-
ployee premiums on policies containing group life, health,
accident, accidental death and dismemberment, disability
income replacement and hospital, surgical and/or medical
expense insurance. . . . "

Item 2 of the appropriation to the University of Houston (Appropriations
Act, p. IV-60) includes a sizeable appropriation for "Staff Group Insurance
Premiums."  There are a number of other items "other than those for personal
services" which do include operating expenses and which would fit the language
of § 10 quoted above as items out of which premiums might be paid.

It therefore appears that there is ample statutory authority as well as funds appropriated for the payment of premiums on group insurance for employees of the University. The question then is whether those engaged in the operations which you have described are or are not employees. While we do not have sufficient information to definitively answer this question as applied to particular individuals, we do cite you to some general legal principles to assist you in your determination of "employee" status.

The "usual" meaning of "employee" is one who works for another, usually for wages, and usually below the executive level. See Webster's New International Dictionary, Third Edition. Throughout the statutes, the term "employee" is variously defined. See, for example, Article 6235a-1, § 3(4); Article 6228g, § 2, Subsection 6; Article 8309, § 1. It is said that the crucial test to determine whether one is on the one hand, an employee or, on the other, an independent contractor is the right of the employer to control the details of the manner of performing the work. Newspapers Inc. v. Love, 380 S. W. 2d 582 (Tex. 1964). And see Attorney General Opinion H-94 (1973).

In Northwestern National Life Insurance Co. v. Black, 383 S. W. 2d 806 (Tex. Civ. App., Texarkana, 1964, err. ref'd., n. r. e.), the question before the court was whether a decedent, to whom a certificate of group life insurance had been issued, was an employee of the Board of Public Utilities of the City of Texarkana, Arkansas. In the course of its opinion, the court made various statements which, we believe, should be of aid in answering your question. It said:

> "An employee is one who works for an employer; a person working for a salary or a wage. The word is applied to anyone so working, but usually only to clerks, workmen, laborers, etc., and but rarely to officers of a government or corporation. . . .
>
> "The relation of employer and employee is contractual . . . . It may be oral or written, express or implied . . . . The words 'servant' and 'employee' are in most cases practically synonymous. . . . Also the word 'employee' in its general significance is governed by the

same rules whether a claim lies within the field of
common law liability or arises out of the Workmen's
Compensation Statutes. . . ."  (383 S. W. 2d at 809-
810)

The government of the University of Houston is vested in a Board of
Regents.  Education Code, § 111. 11, Vernon's Texas Civil Statutes.

It is our opinion therefore that the Board of Regents of the University
of Houston has the authority and the funds appropriated to it to pay all or
part of the premiums for group policies for its employees, as defined in
Article 3. 51 of the Insurance Code to include elective and appointive officials.
Whether or not a person is an employee will depend primarily upon whether
he has been employed by the University pursuant to a contract of employment,
oral or written, express or implied, and is subject to the control of the
University officials as to the details of his work.  If some separate entity
intervenes, he may not be an employee.  However, the mere fact that the
Board of Regents may entrust to a separate committee or board the manage-
ment of a particular affair and that that affair is financed separately, does
not remove its employees from the status of employees of the University so
long as the University Regents retain the ultimate right to control the details
of doing the work.  Exercise of the right is merely evidence and is not deter-
minative.  Newspapers Inc. v. Love, supra.

Our answer to your first question therefore is that the University of
Houston may expend funds of line Item 2 of its appropriation or other, so
long as they are not funds appropriated for personal services to purchase
group insurance for employees of various auxiliary enterprises of the Uni-
versity if those employees legally qualify as employees of the University as
well.

Our answer to the first question renders an answer to your second
question unnecessary.

## SUMMARY

A state university may expend funds for payment of group insurance premiums on behalf of employees of various of its auxiliary enterprises so long as they legally qualify as employees of the University.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee